UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SANDRA LEE JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:13-CV-690-TAV-HBG |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton on September 22, 2014 [Doc. 16]. In the R&R, Magistrate Judge Guyton concludes that, while the Administrative Law Judge ("ALJ") erred in properly explaining the weight given to plaintiff's treating physicians, that error was harmless. He also concludes that the ALJ's determination of plaintiff's credibility is supported by substantial evidence in the record. Accordingly, he recommends that the Court deny plaintiff's motion for summary judgment [Doc. 12] and grant the Commissioner's motion for summary judgment [Doc. 14]. Plaintiff submitted an objection to the R&R [Doc. 17], and the Commissioner responded [Doc. 20].

**I.      Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous,

conclusive, or general. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b) (2014); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). In addition to reviewing the Commissioner's findings to determine whether they are supported by substantial evidence, the Court reviews the Commissioner's decision to determine whether the conclusions were reached using the correct legal standards and in accordance with the procedures promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec. Admin.*, 378 F.3d 541, 546 (6th Cir. 2004). "'[A]n agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Id.* at 547 (quoting *Connor v. U.S. Civ. Serv. Comm'n*, 721 F.2d

1054, 1056 (6th Cir. 1983)). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, then the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. Analysis[1]

Plaintiff objects to the magistrate judge's findings that the ALJ properly weighed the medical evidence and that the ALJ properly evaluated plaintiff's credibility. For the reasons explained below, the Court finds those objections without merit.

### A. ALJ's Evaluation of Medical Evidence

The magistrate judge determined that while the ALJ erred in properly explaining the weight given to plaintiff's treating physicians, that error was harmless because of the ALJ's RFC determination. Plaintiff objects to the conclusion that the error was harmless with respect to Dr. Franklin because the evidence cited by the ALJ was not sufficient for a reviewing court to determine that the ALJ relied upon appropriate evidence to reject the opinions of Dr. Franklin.[2] Plaintiff also asserts that the magistrate judge failed to address plaintiff's argument that the ALJ erred by discounting the opinions from examining psychologist Dr. Bilbrey.

The opinion of a treating physician must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2014); *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If a treating physician's opinion is not given controlling weight, then the

---

[1] The Court presumes familiarity with the R&R.

[2] The Court assumes for the purpose of reviewing plaintiff's objection that Dr. Franklin was in fact a treating physician.

4

ALJ must provide "good reasons" for not giving weight to the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Wilson*, 378 F.3d at 546–47. Failure to do so may constitute harmless error "where the Commissioner has met the goal of § [1527(c)(2)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Wilson*, 378 F.3d at 547.

While the magistrate judge's statements relating to the ALJ's RFC determination being based upon substantial evidence may not have been on point, the magistrate judge nonetheless concluded that the ALJ's discussion of the opinion evidence and other evidence satisfied the procedural safeguards of the treating-physician rule, and this Court agrees. Indeed, as the magistrate judge noted, "[t]he ALJ juxtaposed Plaintiff's treating physician records with her self-reported daily activities, testimony, and non-treating physician records and found them to be inconsistent with the record as a whole" [Doc. 16 p. 15]. *Accord Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440–41 (6th Cir. 2010) (finding that, "even if the ALJ's asserted reasons for rejecting Dr. Murtaugh's RFC failed to adequately comply with the good reason requirement," the error was harmless because "the ALJ's evaluation of the other physicians' opinions of record and Coldiron's credibility undermined both the supportability and the consistency of Dr. Murtaugh's opinion"). And to the extent plaintiff argues that the opinions of the non-examining sources were not substantial evidence sufficient to discount Dr. Franklin's opinions, the ALJ relied upon more than the opinions of the non-examining sources, and the ALJ properly considered these opinions. 20 C.F.R. § 404.1527(e) (2014).

5

Plaintiff also argues that the ALJ noted plaintiff's ability to engage in certain activities—including taking her daughter to school, making coffee, cleaning the house, cooking dinner, reading, and exercising, among others—but did not explain why the performance of the activities for short periods of time within her home contradicted Dr. Franklin's opinions that assessed plaintiff's functioning in a competitive work environment. Yet, there is no presumption that a plaintiff is unable to work; a plaintiff must demonstrate she is unable to work. 20 C.F.R. § 404.1512 (2014); *Young v. Sec. of Health & Human Servs.*, 925 F.2d 146, 147 (6th Cir. 1990). And activities of daily living, like those upon which the ALJ relied here, may be considered to undermine assertions of a plaintiff or the opinions of her physicians relating to the ability to work. *See* 20 C.F.R. §§ 404.1527(c)(4), 404.1529(c)(3)(i) (2014); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("The ALJ could properly determine that her subjective complaints were not credible in light of her ability to perform other tasks."); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments.").

In addition, plaintiff asserts that the magistrate judge erred in addressing plaintiff's argument that the ALJ improperly discounted the opinions from examining psychologist Dr. Bilbrey. While the magistrate judge did not address this argument, the ALJ did review Dr. Bilbrey's opinion and the record makes clear that he afforded it little weight because it was inconsistent with his own report and inconsistent with plaintiff's activities

6

of daily living [Doc. 9 p. 30–32]. Moreover, Dr. Bilbrey was a one-time examiner. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (noting that "opinions from nontreating and nonexamining sources are never assessed for 'controlling weight'" but weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability" when the treating-source opinion is not deemed controlling).

Accordingly, the Court finds plaintiff's objections regarding the evaluation of the medical evidence without merit.

### B.   ALJ's Evaluation of Plaintiff's Credibility

Plaintiff's objection to the magistrate judge's discussion about the ALJ's evaluation of plaintiff's credibility repeats arguments made in her initial brief [*See* Doc. 13]; the objection does not raise any challenge to the magistrate judge's R&R. Accordingly, the Court does not consider plaintiff's arguments as a specific objection. Even so, under *de novo* review, the Court agrees with the magistrate judge's assessment of plaintiff's argument regarding the ALJ's evaluation of plaintiff's credibility and adopts and incorporates it into its ruling.

### III.   Conclusion

For the reasons explained above, and upon *de novo* review, plaintiff's objections [Doc. 17] will be **OVERRULED** and the Court will **ACCEPT IN WHOLE** the R&R [Doc. 16], which the Court will adopt and incorporate into its ruling. Plaintiff's motion for summary judgment [Doc. 12] will be **DENIED**, the Commissioner's motion for

7

summary judgment [Doc. 14] will be **GRANTED**, the decision of the Commissioner will be **AFFIRMED**, and this case will be **DISMISSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

8